IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOE HAND PROMOTIONS, INC., :

    Plaintiff,

v.                           :

WILLIAM S. OLIVER, et al.,

    Defendants.          :

Case No. 3:11-cv-235

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT AGAINST WILLIAM S. OLIVER AND SOUTH BEACH INVESTMENTS LLC (DOC. #28); AWARDING $28,475.00 IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS WILLIAM S. OLIVER AND SOUTH BEACH INVESTMENTS LLC ON COUNT II OF THE COMPLAINT; PLAINTIFF TO NOTIFY COURT WITHIN 20 DAYS WHETHER IT INTENDS TO PURSUE CONVERSION CLAIM; THIS DECISION AND ENTRY IS <u>NOT</u> A FINAL APPEALABLE ORDER AS PLAINTIFF'S STATE LAW CONVERSION CLAIM REMAINS UNADJUDICATED

---

This matter is currently before the Court on Plaintiff Joe Hand Promotions, Inc.'s, unopposed motion for summary judgment against Defendants William S. Oliver and South Beach Investments LLC on Counts I and II of the Complaint. (Doc. #28).

**I.   Background and Procedural History**

Plaintiff owns exclusive nationwide television distribution rights to *Ultimate Fighting Championship 100: Making History*, which was telecast nationwide on

July 11, 2009. Plaintiff entered into sub-license agreements with various commercial establishments that wanted to broadcast the program. Depending on the seating capacity of the establishment, the sublicense fee to broadcast this particular event ranged from $800 to $1550. Plaintiff also actively policed its signals in order to detect and identify commercial establishments that pirated the programming. Joe Hand, Jr., Aff. ¶¶ 2-6, 8; Ex. 1 to Joe Hand, Jr., Aff.

On the evening of July 11, 2009, investigator Keith Warren went to the South Beach Club in Centerville, Ohio, paid a $5.00 cover charge, and observed eight television screens inside the club broadcasting pre-fight commentary to *Ultimate Fighting Championship 100: Making History*. Warren counted 50-75 patrons in attendance and observed a sign advertising the broadcast of the fight. Warren Aff. Plaintiff had not granted South Beach Club a license to broadcast the fight. Joe Hand, Jr., Aff. ¶ 7.

On July 6, 2011, Plaintiff filed suit against William S. Oliver, individually and as the alter ego of South Beach Club, Kathleen D. Forrest, individually and as the alter ego of South Beach Club, and against South Beach Investments LLC. Count I alleges violations of 47 U.S.C. § 605 (unauthorized interception of satellite transmission). Count II alleges violations of 47 U.S.C. § 553 (unauthorized interception of cable transmission). Count III asserts a state law claim of conversion.

Defendants Oliver and Forrest, proceeding *pro se*, filed a timely Answer, entitled "Response to Complaint." Defendant South Beach Investments LLC was

2

later given leave to file an Answer out of time. On August 23, 2012, after Oliver and Forrest failed to appear for their scheduled depositions, the Court awarded monetary sanctions against them.

On November 13, 2012, Plaintiff moved for summary judgment against Oliver and South Beach Investments LLC, on Counts I and II, the federal statutory claims.[1] Defendants, who are now represented by counsel, have failed to respond to Plaintiff's motion for summary judgment within the time allotted. That motion is, therefore, unopposed.

## II. Standard of Review

Even though Defendants have not responded to the motion, the Court must nevertheless examine the motion to make sure that summary judgment is appropriate. *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence

---

[1] On January 4, 2013, Plaintiff notified the Court that all claims against Kathleen Forrest were being dismissed with prejudice. Doc. #29.

3

of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must

4

assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 2726 (1998).

### III. Discussion

Based on the affidavits of Joe Hand, Jr., and Keith Warren, and on Defendants' failure to counter that evidence in any way, the Court finds that Plaintiff is entitled to summary judgment in its favor on Count II of the Complaint, which alleges unauthorized interception of cable transmissions under 47 U.S.C. § 553(a)(1).

#### A. Relevant Law

Federal law prohibits the unauthorized interception of radio communications, including satellite transmissions, 47 U.S.C. § 605(a),[2] and the unauthorized

---

[2] Section 605(a) states, in pertinent part: "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence,

5

interception of cable transmissions, 47 U.S.C. § 553(a)(1).[3] Persons with proprietary rights in the intercepted communications may file suit for legal and/or equitable relief. *See* 47 U.S.C. § 553(c)(1) and 47 U.S.C. § 605(e)(3). Because these are "strict liability statutes with no good faith defense," there is no need to establish a willful violation in order to establish liability. *Joe Hand Promotions, Inc. v. Easterling*, No. 4:08cv1259, 2009 WL 1767579, at *4 (N.D. Ohio June 22, 2009).

Willfulness, however, may be relevant to a determination of damages. Sections 553 and 605 both provide for the recovery of damages, attorneys' fees, and costs. *See* 47 U.S.C. § 553(c)(2); 42 U.S.C. § 605(e)(3)(B). A plaintiff, however, may recover under only one of these sections. *See Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, No. 2:09-cv-553, 2011 WL 1043560, at *3 (S.D. Ohio March 18, 2011) (citing *Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 129 (2d Cir. 1996)).

The prevailing plaintiff may elect to recover either: (1) actual damages suffered as a result of the violation; or (2) statutory damages. For each violation

---

contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a).

[3] Section 553(a)(1) states: "(1) No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1).

6

of § 553, the plaintiff may recover statutory damages in the amount of $250 to $10,000. 47 U.S.C. § 553(c)(3)(A)(ii). For each violation of § 605, the plaintiff may recover statutory damages in the amount of $1,000 to $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). If the court finds a willful violation for purposes of commercial advantage or private financial gain, the court may increase the award of damages by up to $50,000 under § 553(c)(3)(B), or up to $100,000 under § 605(e)(3)(C)(ii).

### B. Liability

Plaintiff has alleged unlawful interception of a satellite transmission under § 605 (Count I) and unlawful interception of a cable transmission under § 553 (Count II). To the extent that Plaintiff must opt for judgment under only one section, Plaintiff asks that judgment be awarded under § 605, which carries the possibility of greater damages. While it appears that Plaintiff's signal was unlawfully intercepted, it is not clear whether it was appropriated through a satellite device or through a cable service.[4]

In this situation, it is more appropriate to err on the conservative side and proceed under § 553. *See RPM Mgmt.*, 2011 WL 1043560, at *3 (imposing "the lesser statutory violation pursuant to § 553" where plaintiff was unable to determine the method by which the signal had been appropriated). The Court

---

[4] The "Response to Complaint" filed by Defendants indicates that South Beach Club broadcast the fight via DIRECT TV, which is a satellite provider. Nevertheless, the Court cannot consider unverified pleadings in ruling on a motion for summary judgment.

7

therefore overrules Plaintiff's motion for summary judgment on Count I and proceeds to consider whether summary judgment is appropriate on Count II.

In this case, the uncontroverted evidence establishes that: (1) Plaintiff did not grant Defendants a license to broadcast *Ultimate Fighting Championship 100: Making History*; and (2) Defendants illegally broadcast the fight at the South Beach Club on July 11, 2009. Joe Hand, Jr., Aff. ¶ 7; Warren Aff. The Court therefore finds that there is no genuine issue of material fact as to liability. The Court must next determine an appropriate remedy under § 553.

### C.    Damages, Attorneys' Fees, and Costs

Plaintiff has elected to be awarded statutory damages rather than actual damages. As noted above, § 553(c)(3)(A)(ii) provides for statutory damages in the amount of $250 to $10,000. In addition, if the court finds a willful violation for purposes of commercial advantage or private financial gain, the court may increase the award of damages by up to $50,000 under § 553(c)(3)(B).

According to Joe Hand, Jr., the programming at issue "cannot be mistakenly, innocently or accidentally intercepted." Joe Hand, Jr., Aff. at ¶ 9. As such, any unauthorized broadcasting is "*per se* intentional." *Id.* at ¶ 13. He notes that illegal interception of broadcasting signals results in a significant loss of revenue to his company. It also has a detrimental effect on lawful customers whose costs are increased to offset the illegal activities, and on communities that are deprived of additional tax revenue. *Id.* at ¶ 11. Hand maintains that signal piracy is prevalent because of a perceived lack of consequences. He therefore

8

urges the Court to award the maximum possible damages as a deterrent. *Id.* at ¶¶ 12-13.

Under the circumstances presented here, the Court finds that Plaintiff is entitled to statutory damages in the amount of $10,000 under § 553(c)(3)(A)(ii). It is undisputed that Defendants intercepted Plaintiff's signal without any authority to do so. They then broadcast the fight on eight TV screens to at least 50-75 patrons. Moreover, Defendants advertised the fight and charged a cover fee.

Because the Court also finds that the violation was willful and for purposes of commercial advantage, the Court awards an additional $10,000 under § 553(c)(3)(B). In the Court's view, enhanced damages are necessary to deter future acts of piracy by these particular Defendants and others. Having already awarded the maximum statutory damages under § 553(c)(3)(A)(ii), the Court finds that a $10,000 enhancement is sufficient to serve this purpose.

Plaintiff's attorney, Jeffrey Koberg, has submitted an affidavit in support of his request for $8,475.00 in attorneys' fees.[5] The Court finds that this amount is reasonable and is recoverable by Plaintiff as the prevailing party under § 553(c)(2)(C).

---

[5] Although paragraph 4 of the affidavit states that he spent 5.8 hours on this matter, this is clearly a typographical error. The attached bill indicates that he spent 33.90 hours on this matter. At $250 per hour, this equates to $8,475.00, the requested amount.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for summary judgment (Doc. #28) is OVERRULED as to Count I and SUSTAINED as to Count II.

Pursuant to 47 U.S.C. § 553(c), the Court ORDERS Defendants William S. Oliver and South Beach Investments LLC to pay Plaintiff the following sums:

- Statutory damages in the amount of $20,000.00; and
- Attorneys' fees in the amount of $8,475.00

Notably, Plaintiff did not move for summary judgment on Count III of the Complaint, the state law claim of conversion. Within 20 days of the date of this order, Plaintiff shall NOTIFY the Court whether it still intends to pursue the conversion claim, or whether judgment should be entered on Count II of Plaintiff's Complaint in the manner set forth above.

In the event that Plaintiff chooses to proceed with the state law claim of conversion, Plaintiff should be prepared to brief the issue of whether, having elected to receive statutory damages in lieu of actual damages on the federal statutory claims, actual damages would still be available on the state law claim of conversion.

This Decision and Entry is not a final appealable order as Plaintiff's state law claim of conversion remains unadjudicated.

Date: January 29, 2013

/s/ Walter H. Rice
WALTER H. RICE
UNITED STATES DISTRICT JUDGE